IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Civil No. |
| v. | ) FILED: SEPTEMBER 29, 2008   LI |
| GLENN L. PATTEN, individually, and doing business as Glenn L. Patten Marketing Solutions and as Marketing Solutions, | ) 08CV5560 |
| | ) JUDGE    GRADY |
| | ) MAGISTRATE    JUDGE VALDEZ |
| Defendant. | ) |

**COMPLAINT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. The FTC brings this action under Sections 5(a), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §6101 *et seq.*, against Glenn L. Patten, individually, and doing business as Glenn L. Patten Marketing Solutions and as Marketing Solutions, to secure a permanent injunction and other equitable relief for engaging in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331,

1337(a), and 1345, as well as 15 U.S.C. §§ 45(a), 53(b), 57b, and 6105(b).

3. Venue in the United States District Court for the Northern District of Illinois is proper under 28 U.S.C. § 1391(b) and (c), as well as under 15 U.S.C. § 53(b).

## THE PARTIES

4. Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58, as amended. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission also enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive or abusive telemarketing acts or practices. The Commission is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the TSR and to secure such equitable relief as may be appropriate in each case, including restitution for injured consumers. 15 U.S.C. §§ 53(b), 57b, 6102(c), and 6105(b).

5. Defendant Glenn L. Patten ("Defendant") is a list broker who does, or has done, business as Glenn L. Patten Marketing Solutions and as Marketing Solutions, unincorporated business entities. Defendant operated his list brokerage business from a residence located in Chandler, Arizona. At all times material to this Complaint, acting alone or in concert with others, Defendant has formulated, directed, controlled, or participated in the acts and practices set forth herein. Defendant transacts or has transacted business in the Northern District of Illinois.

## COMMERCE

6. At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

7. Since at least 2001, Defendant has acted as a list broker, selling various lists of consumer names, addresses, telephone numbers, and other information, to telemarketers.

8. Defendant sells lists to telemarketers that are commonly referred to as "full data leads." Defendant sells full data leads that include consumers' bank account and routing information, credit card numbers, credit card security codes, and credit card expiration dates. The full data leads that Defendant sells to telemarketers include unencrypted consumer account numbers.

9. Defendant obtains full data leads that he sells to telemarketers from various sources. These sources include companies such as "All Over America" and "Leadinglead.com," and other telemarketers. In order to identify the best source of leads for telemarketers to whom he is selling full data lead lists, Defendant often obtains from the telemarketers the scripts that will be used in the sale of their products or services to consumers.

10. Defendant does not obtain consumers' authorization prior to selling their financial information.

11. On numerous occasions, Defendant has sold lists containing consumers' information to telemarketers of advance-fee credit cards. Telemarketers are prohibited by the TSR from requesting or receiving payment in advance of obtaining an extension of credit when the telemarketer has guaranteed or represented a high likelihood of success in obtaining or arranging an extension of credit.

12. Defendant knows that these telemarketers are engaged in the promotion and sale of advance fee credit products because, *inter alia*, prior to selling or renting them lists of

prospective customers, Defendant obtains copies of telemarketing scripts that on their face request an advance fee for a credit product, in violation of the TSR.

## THE TELEMARKETING SALES RULE

13. In the Telemarketing Act, 15 U.S.C. §§ 6101-6108, Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices. On August 16, 1995, the Commission promulgated the Telemarketing Sales Rule, 16 C.F.R. Part 310. The TSR became effective on December 31, 1995. On January 29, 2003, the FTC amended the TSR by issuing a Statement of Basis and Purpose and the final amended TSR. 68 Fed. Reg. 4580, 4669. The amended TSR became effective on March 31, 2003.

14. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), violations of the TSR constitute deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

15. It is a violation of the TSR for any person to provide "substantial assistance or support" to any seller or telemarketer when that person "knows or consciously avoids knowing" that the seller or telemarketer is engaged in any practice that violates Section 310.4 of the Rule. 16 C.F.R. § 310.3(b).

16. The TSR prohibits any seller or telemarketer from, "[r]equesting or receiving payment of any fee or consideration in advance of obtaining a loan or other extension of credit when the seller or telemarketer has guaranteed or represented a high likelihood of success in obtaining or arranging a loan or other extension of credit for a person." 16 C.F.R. § 310.4(a)(4).

17. The TSR also prohibits any seller or telemarketer from, "[d]isclosing or receiving, for consideration, unencrypted consumer account numbers for use in telemarketing." 16 C.F.R. § 310.4(a)(5).

## COUNT I

18. On numerous occasions, Defendant has sold lists of consumer information to telemarketers who:

    A. Falsely represent that after paying an advance fee, consumers are guaranteed or highly likely to receive a credit card or obtain a loan in violation of Section 310.4(a)(4) of the TSR; and

    B. Disclose or receive, for consideration, unencrypted consumer account numbers for use in telemarketing in violation of Section 310.4(a)(5) of the TSR.

19. By providing substantial assistance and support to telemarketers, while knowing or consciously avoiding knowing that the telemarketers are engaged in the illicit practices described in Paragraph 18, Defendant has violated Section 310.3(b) of the TSR.

## CONSUMER INJURY

20. Consumers throughout the United States have suffered and continue to suffer substantial monetary loss as a result of Defendant's unlawful acts or practices. In addition, Defendant has been unjustly enriched as a result of his unlawful practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

21. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the Commission.

22. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from Defendant's violations of the TSR, including the rescission or reformation of contracts, and the refund of monies.

23. This Court, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by Defendant's law violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Federal Trade Commission, pursuant to Section 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), and the Court's own equitable powers, requests that the Court:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief;

2. Enter a permanent injunction to prevent future violations of the FTC Act and the TSR by Defendant;

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act and the TSR, including but not limited to,

rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

4.  Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

DATED: Sept. 29, 2009

THERESA M. McGREW
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [Telephone]
(312) 960-5600 [Facsimile]